Tompkins, J.,
delivered the opinion of the Court.,
Martin sued Bates in the Circuit Court of St. Louis county on a note dated the 6th April, 1832, and payable four months after date. The plaintiff below was assignee of the note. The assignment was dated 12th April, 1832. The defendant pleaded,
Eirst. General issue.
Second. That he had paid the note to the assignor before the commencement of this suit, and before the note was due and payable, tp-wit: on the 9th day of May, 1832.
Third. That before the commencement of the suit, and before he had any notice of the assignment of the note sued on, and before the same became due and payable, he had paid to the payee and assignor of the note, the sum of money in the note specified. Issue .was taken on the first plea, and demurrers filed to the second and third. The-demurrers were both sustained, and the issue found for the plaintiff and judgment entered up. On the trial of the cause, the note and assignment endorsed thereon were read in evidence by the plaintiff, and the defendant read in evidence a receipt of the assignor of the note, showing the payment of the amount of the note to him on the 9th day of May, 1832, nearly three months before it became due. No other evidence was offered on either side. A-verdict was found for the plaintiff; and the defendant moved the Court to set it aside as against law and evidence. The motion being overruled, the defendant excepted to the opinion of the Court, and the-, cause comes here for reversal. The questions to he decided are, were the demurrers properly sustained? and was the motion for a-new trial properly overruled?
*260 The two questions each brings up, the same point of law to be decided, viz: whether a payment made to the payee by the maker after the assignment of the same, and before the maker had any notice of such assignment, is a good defence to the as* signee’s action. By our statute, bonds, bills, notes, &c., are made assignable, and the assignee may sue on them in his own name, in, the same manner as the original holder could do; and.it shall not be in the power of the assignor, after assignment made as aforesaid, to release any part of the debt or sums really due on such bonds, bills or notes; provided nothing in this section shall be so construed as to change the nature of the defence in law, thai any defendant may have against the assignee or original assignor; but the said defendant may make the same defence against any such bond, bill or note, in the hands of the assignee, that he could have done, if the said bond, bill or note had remained in the hands of the person who was the holder thereof when the defeneeaccrued,andwassuedonhisname. This note was assigned on the 9th day of April, 1832, and from that time the statute deprived the payee or assignor of the power to release any part of the debt or sum really due : on the 9th day of May, one month after the assignment, Bates pays the sum due on the note to the assignor, while it, was in the hands of the assignee.
His defence then accrued while Martin held the note, and' it was against the assignor. Before he paid, ho should have seen that (ho payee still retained it, and had not assigned it; it is quite immaterial whether the note be due and payable or not, when it is assigned. In each case it is equally the duty of the maker to look after his note, and to know that ho pays his money to whom it is due. It is the opinion oí ibis Court, then, that the Circuit Court did riot err either in sustaining the demurrers sr in its finding of the issua for the plaintiff. Its judgment is therefore affirmed.